## W. G. Webb v. The State.

No. 14616.   Delivered December 23, 1931.
Rehearing Denied February 3, 1932.

The opinion states the case.

*Jim Baker,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The residence of W. W. Fulghum was burglarized in the daytime on or about the 24th day of February, 1931. Six or seven days after the burglary appellant was arrested in his room at 417 Neches street, Dallas, Texas. In the room the officers found a victrola belonging to Mr. Fulghum. Appellant was wearing a suit of clothes belonging to Mr. Fulghum. These articles had been in the burglarized house and were missed by the owner after he discovered that his house had been entered. Applelant did not testify in his own behalf, and introduced no witnesses.

In his first application for a continuance appellant alleged that he could prove by Miss Ruvay Hopkins, Mrs. Lillie Webb, Miss Marine Webb and Charlie Wetee that he was confined to his bed at 417 Neches street with influenza on February 24th, 1931. The case was called for trial a month after appellant's arrest. He waited until the day the case was called for trial to apply for process for the witnesses. He sought to excuse his delay in seeking process on the ground that he had relied upon

an attorney to make application for subpoenas. In his application appellant gave a street number for the witnesses that was not listed in the city directory. The sheriff was unable to find the witnesses. Three of the witnesses lived at 417 Neches street, Dallas. Appellant also lived at this address. Mrs. Lillie Webb, one of the absent witnesses, is appellant's mother. Appellant's sister, who also lived at 417 Neches street, was one of the absent witnesses. If appellant had given the correct address of the witnesses the officer would have probably served them with process. Certainly appellant knew where they lived. We think that it is clear that no diligence was used to secure the attendance of the witnesses.

Bill of exception No. 2 was prepared by the trial judge. It recites that the district attorney, in argument to the jury, said: 'If this man ever performed one honest day's work in his life why didn't he bring some witnesses here to prove it". We understand from the bill of exception that appellant objected to the argument on the ground that it was a reference to his failure to testify. The opinion is expressed that the remarks cannot be properly construed to refer to appellant's failure to testify. We do not approve the argument, but merely pass on the objection appellant interposed.

We think the trial judge was warranted in concluding that the jury did not discuss appellant's failure to testify. The conflict in the testimony on this issue was for the trial court..

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—According to his motion for rehearing the appellant was arrested about the first of March, 1931. He was indicted April 24, 1931, and tried May 20, 1931. In his application for a continuance he states that on the day of his trial he was advised by his attorney that the case was set for that day; that he had no previous notice of the setting; that on the day of his trial he caused the issuance of subpoena for witnesses residing in Dallas. In his application for the subpoenas he gave the wrong address of the witnesses. The term of court at which he was tried began on the 6th of April, 1931. In his motion for rehearing, it is assumed that the law requiring diligence to secure the witnesses would be complied with by the issuance of subpoena as soon as the case was set for trial, or as applied to this particular case, as soon as the appellant was notified that his case was set for trial. It is not diligence, however, to delay the issuance of subpoena waiting for the case to be set. It is the duty of the accused or his counsel to prompt-

ly cause the issuance of process for the attendance of his witnesses at the next term of court. See article 543, C. C. P.; Wilson v. State, 87 Texas Crim. Rep., 625, 224 S. W., 772, and other cases in Vernon's Ann. Tex. C. C. P., 1925, vol. 1, p. 426. In the present instance there is a total failure of diligence, and in refusing the motion for a continuance the court committed no error.

The motion is overruled.

*Overruled.*